UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JONATHAN STONE, | |
| Petitioner, | |
| v. | CAUSE NO. 3:23-CV-797-MGG |
| WARDEN, | |
| Respondent. | |

OPINION AND ORDER

Jonathan Stone, a prisoner without a lawyer, filed a habeas corpus petition challenging a disciplinary proceeding at Indiana State Prison (ISO 23-03-0011) in which he was found guilty of possessing a cellular device in violation of Indiana Department of Correction ("IDOC") disciplinary offense A-121. (ECF 1.) For the reasons stated below, the petition is denied.

The charge was initiated on March 2, 2023, when Officer M. Flores wrote a conduct report stating as follows:

> On March 2, 2023 at approximately 12:08am, I, Officer M. Flores was conducting a shakedown of cube Row 8, Bed 7a belonging to Offender Jo[]nathan Stone DOC #999114. While I was searching his bed area, I found a black cell phone magnetized to the bottom of the vent near his cabinet.

(ECF 8-1.) A notice of confiscated property and evidence card were also completed, and photographs of the cell phone were taken. (ECF 8-7; ECF 8-8; ECF 8-10; ECF 8-11.)

On March 24, 2023, Mr. Stone was formally notified of the charge. (ECF 8-2.) He pled not guilty and requested a lay advocate, and one was appointed for him. (ECF 8-2;

ECF 8-3.) He did not request any witness statements or physical evidence. (ECF 8-2.) It was noted on the screening report that the evidence card was corrected by Officer Flores, as he initially failed to complete two sections of the card, and the corrected version was sent to Mr. Stone on April 6, 2023. (*Id.*)

On May 10, 2023, a hearing was held on the charge.[1] (ECF 8-6.) Mr. Stone pled not guilty and requested that "pictures of the vent and of the area" be considered. (*Id.*) The hearing officer's notes reflect that the hearing was terminated prematurely because Mr. Stone was "being argumentative." (*Id.*) Based on the evidence, the hearing officer subsequently found him guilty. He lost earned credit time and certain privileges. (*Id.*) His administrative appeals were denied. (ECF 8-13; ECF 8-14.)

When prisoners lose earned time credits in a disciplinary proceeding, the Fourteenth Amendment Due Process Clause guarantees them certain procedural protections: (1) at least 24 hours advance written notice of the charge; (2) an opportunity to have his case decided by an impartial decision-maker; (3) an opportunity to call witnesses and present documentary evidence when consistent with institutional safety and correctional goals; and (4) a written statement by the fact-finder of evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539 (1974). To satisfy due process, there must also be "some evidence" to support the hearing officer's decision. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985).

---

[1] The hearing was postponed twice, once at Mr. Stone's request and a second time due to the unavailability of the hearing officer. (ECF 8-4; ECF 8-5.)

2

Mr. Stone raises three claims in his petition, which he articulates as follows: (1) "The cellular device was found in a common area"; (2) "No proof it was mine or I had ever even seen it"; and (3) "Chain of evidence was broken." (ECF 1 at 2-3.) The court understands all of these claims to be challenging the sufficiency of the evidence.

To satisfy due process, there only needs to be "some evidence" to support the hearing officer's decision. *Hill*, 472 U.S. at 455. As the Seventh Circuit has explained:

> This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000). A conduct report alone can provide sufficient evidence to support a finding of guilt. *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). Likewise, circumstantial evidence can be sufficient to satisfy the "some evidence" test. *Meeks v. McBride*, 81 F.3d 717, 721 (7th Cir. 1996). Determining whether the "some evidence" test is met "does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence." *Hill*, 472 U.S. at 455. "Instead, the relevant question is whether there is *any* evidence in the record that could support the conclusion reached by the disciplinary board." *Id.* at 455-56.

Mr. Stone was found guilty of violating A-121, which prohibits the unauthorized use or possession of a cellular telephone or other cellular communication device. (ECF 8-15 at 3.) The Disciplinary Code defines "possession" as being "[o]n one's person, in

3

one's quarters, in one's locker or under one's physical control." (ECF 8-16 at 6.) The Disciplinary Code further provides:

> [A]n offender is presumed to be responsible for any property, prohibited property or contraband that is located on their person, within their cell or within areas of their housing, work, educational or vocational assignment that are under their control. Areas under an offender's control include, but are not limited to: the door track, window ledge, ventilation unit, plumbing and the offender's desk, cabinet/locker, shelving, storage area, bed and bedding materials in his/her housing assignment and the desk, cubicle, work station and locker in his/her work, educational or vocational assignment.

(*Id.*)

The conduct report, evidence card, and notice of confiscated property reflect that a cell phone was found near Mr. Stone's bed and cabinet in an area under his control. This provided a sufficient basis for the hearing officer to conclude that he possessed the cell phone. He points out that other inmates could have accessed the area, particularly his "bunky" (ECF 9 at 1), but this was not a criminal trial where guilt had to be proven beyond a reasonable doubt. *Moffat v. Broyles*, 288 F.3d 978, 981-82 (7th Cir. 2002). Instead, there only had to be "some" evidence of guilt to satisfy due process. *Meeks*, 81 F.3d at 721. The fact the phone was secreted in an area where he would have ready access to it suggests that it belonged to him. *House v. Daniels*, 637 F. App'x 950, 951 (7th Cir. 2016) (evidence was sufficient where multiple inmates had access to area where contraband was found but circumstances made it unlikely petitioner was unaware of its presence). He believes prison staff should have dusted the phone for fingerprints or conducted an analysis of the call log, but this goes beyond what *Wolff* requires.

4

He also points to an error on the evidence card, which in his view violates "chain of custody" principles. This was not a criminal trial where the formal Rules of Evidence applied, but the court understands him to be arguing that because of this error, Officer Flores' report was unreliable. When completing the evidence card, Officer Flores noted that a black cell phone had been found in "ISPW2-R8B7"—which the parties agree referred to Mr. Stone's bed area. Officer Flores noted that the phone was found at 12:08 a.m. on March 2, 2023, and turned over to an internal affairs officer at 12:10 a.m. on that date, only a few minutes after it was recovered. (ECF 8-8 at 1.) The internal affairs officer signed the form, acknowledging receipt of the phone at that date and time. (*Id.*) Officer Flores initially failed to complete the sections designated for "Facility" and "Case #," and so the card was returned to him for completion. (ECF 8-8; ECF 8-10.) In completing the card, he listed the "Facility" as ISP and the "Case #" as "23-ISP-0108," which the parties agree is incorrect. The case number should have been listed as "23-03-0011." (*See* ECF 8-10.)

Mr. Stone makes much of this discrepancy, but it is evident from the record that it was simply a scriveners' error. There is no indication there was a case pending with that number involving another inmate charged with possession of a cell phone. Indeed, Mr. Stone asserts that the case number listed on the evidence card hadn't even been assigned yet at the time Officer Flores wrote it on the form.[2] (ECF 1-1 at 3.) The evidence

---

[2] As the respondent points out, the number Officer Flores listed does not follow the usual format for a disciplinary proceeding. It is unclear if Officer Flores may have been referring to some internal number associated with the case.

5

card contains other indicia of reliability, as it was originally completed by Officer Flores within minutes of finding the phone in Mr. Stone's bunk area, and the receipt of the phone was confirmed by another prison employee. (ECF 8-8.) The conduct report and notice of confiscated property form completed contemporaneously with the evidence card also confirmed that the phone was found in Mr. Stone's bed area. It was for the hearing officer to assess the relative weight of the evidence, and the evidence in the record satisfies the lenient "some evidence" test. *Webb*, 224 F.3d at 652. He has not established a violation of due process.

Within one of his claims, he may also be arguing that the hearing officer was not impartial. (ECF 1 at 3.) Prison adjudicators are "entitled to a presumption of honesty and integrity," and "the constitutional standard for improper bias is high." *See Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003). Due process prohibits a prison official who was personally and substantially involved in the underlying incident or the investigation of the incident from acting as a decisionmaker in the case. *Id.*; *Whitford v. Boglino*, 63 F.3d 527, 534 (7th Cir. 1995). Due process is not violated simply because the hearing officer knew the inmate, presided over a prior disciplinary case, or had some limited involvement in the events underlying the charge or tangential involvement in the investigation. *See Piggie*, 342 F.3d at 666; *Whitford*, 63 F.3d at 534.

Mr. Stone does not argue—nor is there any basis in the record to conclude—that the hearing officer was involved in any way in the search of his cell or the recovery of the cell phone by Officer Flores. As best as can be discerned, he believes she was not impartial because she took pictures of his bunk area, which he felt was "prejudicial"

6

and "cumulative." (ECF 1 at 3.) It is not entirely clear from the present record who took the photos, which appear to depict a part of a wall or vent, but even assuming it was the hearing officer, it is evident that Mr. Stone was the one who requested this evidence. (ECF 8-6 at 1.) Gathering evidence requested by an inmate cannot be considered improper involvement in the underlying charge. Were it otherwise, a prisoner could disqualify a particular hearing officer simply by making an evidentiary request, which "would vest too much control in a prisoner to determine" who decides his case. *Redding v. Fairman*, 717 F.2d 1105, 1113 (7th Cir. 1983).

At best, taking the pictures might be considered "tangential involvement" in the investigation, which is "not a problem." *Wilson-El v. Finnan*, 281 F. App'x 589, 591 (7th Cir. June 12, 2008); *compare Merritt v. De Los Santos*, 721 F.2d 598, 601 (7th Cir. 1983) (prison employee could not serve as decisionmaker because he witnessed part of the events underlying the charge, directed operations upon his arrival at the scene, and wrote an incident report describing what had occurred). The fact that the hearing officer chose to find him guilty based on the photographs and other evidence does not establish impermissible bias. *Liteky v. United States*, 510 U.S. 540, 555 (1994).

For these reasons, the court:

(1) DENIES the habeas corpus petition (ECF 1);

(2) DIRECTS the clerk to enter judgment in this case.

SO ORDERED on March 18, 2024

s/Michael G. Gotsch, Sr.<br>Michael G. Gotsch, Sr.

                                      United States Magistrate Judge